IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOSEPH LEON HERRON, JR.,                                         PLAINTIFF,

VS.                                              CIVIL ACTION NO. 2:06CV114-P-A

BAPTIST MEMORIAL HEALTHCARE
CORPORATION and BAPTIST MEMORIAL
HOSPITAL – DESOTO,                                               DEFENDANTS.

**ORDER**

These matters come before the court upon the defendants' motions *in limine* [95, 96, 97, 98], th plaintiff's amended motion *in limine* [100], and the defendants' motion to strike the plaintiff's amended motion *in limine* [102]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

**1. Defendants' Motion *in Limine* to Exclude Hearsay Testimony**

Defendants move to exclude as inadmissible hearsay conversations the plaintiff allegedly had with co-employees Larry Miller, Harvey Lee, Tommy Walker, Gene Butler, and John McGehee regarding the plaintiff's FMLA leave. The plaintiff avers that Miller and Walker told him that they heard that "they were going to get rid" of the plaintiff for his taking medical leave. The plaintiff also testified that during the same conversation, the remaining co-employees expressed agreement with what Miller and Walker had heard. The plaintiff testified that he has no knowledge from whom either Miller or Walker had heard these statements and admits that the comments by the others were based solely on their own opinions.

1

The court agrees that the alleged conversation between the plaintiff and the aforementioned co-employees is classic hearsay pursuant to Fed. R. Evid. 801(c) because it involves statements, other than one made by the declarant testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. The plaintiff has pointed to none of the established hearsay exceptions that would render the alleged conversation admissible.

Accordingly, the defendants' motion *in limine* to exclude evidence of the conversation should be granted.

**2. Defendants' Motion *in Limine* to Exclude Certain Evidence Regarding Plaintiff's Wrongful Discharge Claim**

Defendants move to exclude material or testimony regarding the plaintiff's wrongful discharge claim. This claim was premised on the plaintiff's allegation that he was terminated in part for reporting that he was instructed to falsely attach stickers to equipment indicating the equipment had been inspected. However, the court dismissed the wrongful discharge claim by its Order of September 4, 2007 because the plaintiff offered no evidence that he had reported this allegedly illegal activity to a person with the authority to fire him.

The plaintiff argues that all of the circumstances surrounding the plaintiff's termination are relevant. He maintains that during the same telephone conversation he had with Walter Banks when Banks allegedly told him that he was being terminated for abusing his medical leave, the plaintiff also complained about being instructed to falsely verify equipment. The plaintiff argues further that since he alleges that he also complained to Albert Sewell about the false verification, it would be improper to prevent the plaintiff from impeaching Sewell's credibility with the testimony regarding the false verification.

The court concludes that, subject to further refinement during trial, the plaintiff may offer the subject testimony limited to, and for the purpose of, impeaching Albert Sewell's credibility. However, since the court concludes that the subject testimony is not relevant to the plaintiff's FMLA claim – *i.e.*, it does not tend to make the existence of a material fact regarding the FMLA retaliation claim more or less probable – it may not be used to support the FMLA claim and the court will issue a limiting instruction accordingly.

**3. Defendants' Motion *in Limine* to Exclude Evidence Regarding the Plaintiff's Tortious Interference with Employment Contract Claim**

Similarly, the defendants move to exclude testimony regarding the plaintiff's tortious interference with employment claim against Albert Sewell since the court dismissed the claim with prejudice in its September 4, 2007 Order. The plaintiff alleges that Sewell, who allegedly witnessed the plaintiff sleeping on the job which led to his termination, harbored ill will against the plaintiff. The plaintiff also alleges that Sewell did not have a sufficient work load, made excessive phone calls to and spent time with a female, took showers at work, and slept at work.

The plaintiff argues that the evidence related to the plaintiff's tortious interference with employment claim relates to his FMLA claim in that the plaintiff alleges that Sewell lied that the plaintiff was sleeping on the job. He also argues that questions of foundation, relevance, and undue prejudice can be addressed during trial.

The court concludes that as a general proposition, the subject evidence is relevant to the credibility of Sewell who reported that the plaintiff was sleeping on the job which led to the plaintiff's termination. Thus, the defendants' motion to exclude this evidence in its entirety should be denied. However, the court will further refine this ruling during trial and will issue a limiting

3

instruction.

**4. Defendants' Motion *in Limine* to Exclude Evidence Regarding Back Pay Dating Subsequent to Plaintiff's New Employment, or, Alternatively, Subsequent to the Date of the Discovery of After-Acquired Evidence**

Defendants anticipate that the plaintiff will seek to introduce evidence on the issue of backpay which is dated subsequent to when he obtained new employment and subsequent to when the defendants discovered after-acquired evidence regarding the plaintiff's unauthorized internet usage on a hospital computer which would have resulted in the plaintiff's termination without regard to the reasons for his original termination.

The plaintiff states in his response that he does not seek damages for lost wages after September 5, 2006 which is when he was informed by letter, some eleven months after he had been terminated, that he would have been terminated for the unauthorized internet use. Therefore, the defendants' motion *in limine* should be granted in this regard.

However, the plaintiff argues that although he made more per hour after he obtained new employment at Harrah's casino, he worked overtime at the hospital while he has worked little overtime at the casino. Thus, the plaintiff argues that he should be allowed to put on proof of damages after May 2, 2006, the date upon which the plaintiff obtained new employment at the casino.

The court concludes that the defendants' motion *in limine* should be denied insofar as the plaintiff should be allowed to put on proof of his alleged lost wages between October 14, 2005 (the date of discharge from the hospital) and September 5, 2006 (when he received the letter regarding the inappropriate internet use). However, this proof should be limited during the period of May 2,

2006 to September 5, 2006 to the difference between the average amount of regular and overtime pay he made at the hospital and the amount he made at his new employment.

**5. Plaintiff's Amended Motion *in Limine* and Defendants' Motion to Strike Plaintiff's Amended Motion *in Limine***

The plaintiff seeks to exclude any reference to the inappropriate internet use discovered by the hospital eleven months after he was terminated – *i.e.*, the evidence that the plaintiff visited websites featuring, and/or downloaded, nude and violent images.

The defendants argue that this motion *in limine* should be stricken as untimely since it was filed five calendar days after the Case Management Order's deadline to file motions *in limine*.

The court concludes that the plaintiff's motion *in limine* should be granted since the subject evidence is irrelevant to the plaintiff's FMLA claim and is unfairly prejudicial pursuant to Fed. R. Evid. 403. The court concludes that the defendants' motion to strike should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion *in Limine* to Exclude Hearsay Testimony [95] is **GRANTED**;

(2) Defendants' Motion *in Limine* to Exclude Certain Evidence Regarding Plaintiff's Wrongful Discharge Claim[96] is **GRANTED IN PART AND DENIED IN PART** as explained above;

(3) Defendants' Motion *in Limine* to Exclude Evidence Regarding the Plaintiff's Tortious Interference with Employment Contract Claim [97] is **GRANTED IN PART AND DENIED IN PART** as explained above;

(4) Defendants' Motion *in Limine* to Exclude Evidence Regarding Back Pay Dating Subsequent to Plaintiff's New Employment, or, Alternatively, Subsequent to the Date of the

Discovery of After-Acquired Evidence [98] is **GRANTED IN PART AND DENIED IN PART** as explained above;

(5) Plaintiff's Amended Motion *in Limine* [100] is **GRANTED**; and

(6) Defendants' Motion to Strike Plaintiff's Amended Motion *in Limine* [102] is **DENIED**.

**SO ORDERED** this the 5th day of October, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE